IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| RONALD C. LONGSON, | ) | |
| | ) | |
| Petitioner, | ) | 4:18CV3036 |
| | ) | |
| v. | ) | |
| | ) | |
| STATE OF NEBRASKA, | ) | MEMORANDUM AND ORDER |
| | ) | |
| Respondent. | ) | |

Because Petitioner is set to serve his two-day jail sanctions for a violation of his conditions of probation this coming Saturday and because he seeks a stay, I have expedited this initial review[1] of Petitioner's habeas corpus petition. I now deny the petition and stay motion with prejudice. No certificate of appealability will be issued.

### *Claims*

Condensed and summarized, Longson claims that the District Court of Lancaster County, Nebraska lacked jurisdiction to impose a two-day jail sanctions for failing to show up for a urine test. He claims that there was no jurisdiction because the state district court did not have the rules that governed the transfer of his supervision to Nebraska from Montana. He also claims that no prosecutor was present when sanctions were imposed and the state district judge and the probation officer handled the matter alone thus violating his due process rights. Longson does not dispute that

---

[1] "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 4 of the *Rules Governing Section 2254 Cases in the United States District Court*.

1

he was present in court, testified, and was represented by counsel at the sanctions hearing.

### *Judicial Notice*

As an introductory matter, I take judicial notice of state court records available online to this court. See *Stutzka v. McCarville*, 420 F.3d 757, 761, n.2 (8th Cir. 2005) (court may take judicial notice of public records); Federal Rule of Evidence 201 (providing for judicial notice of adjudicative facts).

I also take judicial notice of the *Interstate Compact for Adult Offender Supervision* (*ICAOS*) which has the force of federal law.[2] *ICAOS Bench Book for Judges and Court Personnel*, at p. 7 (2017 Edition). The *ICAOS* authorizes the adoption of rules by the Interstate Commission for Adult Offender Supervision. These rules carry the weight of federal law, and I take judicial notice of them as well. *Id*. Nebraska is a member of the Compact.

### *Background*

The background of this case may be found in the Nebraska Supreme Court opinion affirming the two-day jail sanctions which is at the heart of this dispute, *State v. Longson*, S-17-0231 (Dec. 21, 2017)[3] (since Longson's challenge to the sanctions depended upon the *ICAOS* rules and Longson failed to include them in the record, the

---

[2] All references in this Memorandum and Order to ICAOS, the Bench Book, the Rules adopted by the Commission, and other information can be found by accessing https://www.interstatecompact.org/. I take judicial notice of all the information found therein.

[3] The opinion was not published. But the opinion, briefs, and record are available through SCCALES and searching by the case number S-17-0231.

decision appealed from would be affirmed) and the related record and briefs filed with that court.

In October 2015, Longson was placed on probation in Montana for a felony theft offense. The record does not contain an actual copy of the court order or judgment for his conviction and sentence, but the documentation in the record reflected that he was sentenced to 1 year, 5 months and 7 days of probation. His probation term began on October 13, 2015 and was scheduled to end on March 20, 2017. None of these details are disputed.

In November 2015, a month after his probation term began, Longson moved to Nebraska and signed a Nebraska Interstate Compact Offender Agreement, agreeing that he would continue be subject to probation in Nebraska. The terms of his probation are set forth in the Compact Agreement and an accompanying Courtesy Supervision Guidelines Interstate Transfer. Among other conditions, the terms of his probation provided that he would be subject to administrative and custodial sanctions, including but not limited to "custodial sanctions of 1-30 days detention, of up to 90 total days in duration." None of these details are in dispute.

In February 2017, Longson's probation officer in Nebraska, Jeff Hamilton of the Nebraska Probation Office District #3A, filed with the District Court of Lancaster County, Nebraska a "Request for Imposition of Custodial Sanction" as well as an "Affidavit in Support of Imposition of Custodial Sanction." The affidavit states that Longson had been administratively sanctioned several times for various reasons, such as missing drug and alcohol testing or failing to pay fines, and had continued to miss further testing appointments despite such sanctions. The affidavit therefore requested that the court impose "custodial sanctions" of 2 days in jail.

The local prosecutor was granted leave to withdraw because he was uncertain what jurisdiction his office had over the matter since the underlying sentence came from Montana. Ultimately, the case proceeded without a prosecutor to a probation

violation hearing with the district court judge, the probation officer, the defendant and his counsel present.

The court asked Longson's counsel how counsel wished to proceed and Longson's counsel requested that the case be dismissed due to a lack of jurisdiction. Longson's counsel argued that while the probation office in Nebraska had authority to supervise and impose "administrative" sanctions upon Longson, the court lacked authority to impose "custodial" sanctions in the matter because that right remained exclusively with the State of Montana.

The district court overruled Longson's motion and indicated that it read [Neb. Rev. Stat. § 29-2266.03](#) to say that it had authority to impose custodial sanctions, to proceed without a prosecutor and, relatedly, to receive the exhibits that had been provided to the court by Longson's probation officer. Longson's counsel objected to the receipt of the exhibits and argued that it was improper for the court to do so given that the exhibits were not offered by a party. The court overruled this motion as well and received the three exhibits in question, which included three of the documents discussed above: the Probation Officer's Affidavit in Support of Imposition of Custodial Sanctions (Exhibit 1), the Courtesy Supervision Guidelines Interstate Transfer (Exhibit 2), and the Nebraska Interstate Compact Offender Agreement (Exhibit 3).

Longson himself also testified at the hearing. His testimony, in summary, was that he did not dispute he violated the terms of his probation by missing several urine analysis tests, but he was unable to make those appointments because he had to watch his kids at those times and could not line up a babysitter. He testified that his wife has since adjusted her work schedule which has allowed him to attend all of his appointments since the ones he missed, and he did not anticipate missing any more appointments.

Based on this evidence, the district court found the probation violation was proved by a preponderance of the evidence. It ordered Longson to serve 2 days in the Lancaster County Jail, as proposed by the probation office. An appeal bond was posted and Longson appealed. As noted above, the Nebraska Supreme Court affirmed the imposition of the two-day jail sanctions. Longson is scheduled to serve his sentence commencing Saturday, March 24, 2018, at 10:00 A.M.

### *Discussion*

First, there is no question but that Nebraska law allows for the imposition of custodial sanctions for probation violations. "After a custodial sanction hearing, if the court determines that a custodial sanction should be imposed, the court shall issue a commitment order accordingly." [Neb. Rev. Stat. § 29-2266.03](#) (West).

Second, nowhere have I found any requirement that a prosecutor be present at a custodial sanctions hearing under Nebraska law or *ICAOS* and related rules.

Thirdly, Nebraska law requires that the "court *shall* receive the affidavit and report of the probation officer as evidence and may receive additional affidavits and reports related to the requested sanction or sanctions." *Id*. (Emphasis added).

Fourth, there is no question but that custodial sanctions of short duration imposed by a receiving state are authorized under *ICAOS* and the rules promulgated thereunder. For example, *ICAOS Rule 4.101,* pertaining to the manner and degree of supervision in a receiving state, explicitly provides that: "A receiving state shall supervise offenders consistent with the supervision of other similar offenders sentenced in the receiving state, including the use of incentives, corrective actions, graduated responses, and other supervision techniques." In particular, *ICAOS Advisory Opinion 1-2015* makes clear that: "An offender whose supervision is transferred under the Compact to North Carolina and commits a violation of one or more of the terms and conditions of probation may be subjected to confinement for short periods

in lieu of revocation of probation pursuant to a state statute applicable to offenders sentenced in North Carolina."

In sum, I reject Petitioner's claims. In doing so, I note and emphasize two things related to any residual due process concerns. They are: Petitioner was represented by counsel in the state court proceedings and Petitioner had notice and a opportunity to be heard–indeed, he admitted violations of his conditions of probation.

### *Certificate of Appealability*

Lastly, a petitioner cannot appeal an adverse ruling on his petition for writ of habeas corpus under § 2254 unless he is granted a certificate of appealability. 28 U.S.C. § 2253(c)(1); 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b)(1). The standards for certificates (1) where the district court reaches the merits or (2) where the district court rules on procedural grounds are set forth in *Slack v. McDaniel*, 529 U.S. 473, 484-485 (2000). I have applied the appropriate standard and determined that Petitioner is not entitled to a certificate of appealability.

IT IS ORDERED:

1. The petition for writ of habeas corpus (filing no. 1) and the motion for stay (filing no. 3) are denied with prejudice.

2. No certificate of appealability will be issued.

3. A separate judgment will be issued.

4. The Clerk shall e-mail a copy of this Memorandum and Order and Judgment immediately upon filing to Petitioner at the e-mail address shown on the motion for stay, that is, Rlongson@aol.com.

5. The Clerk shall mail a copy of this Memorandum and Order to Petitioner by United States Mail.

DATED this 22nd day of March, 2018.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge